■ In the Matter of JULIO JOHN MARINO and ALFRED L. PLESSER, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— Application by respondents in effect to change, to March 1, 1968, the date of commencement of their two years' suspension from the practice of law. The order of this court, dated January 3, 1968 [29 A D 2d 652], which imposed the two years' suspension, fixed the date for the commencement of the suspension as January 22, 1968. Since then, stays were successively granted by a Judge of the Court of Appeals and by a Justice of the Supreme Court of the United States, the last of which stays was vacated on February 21, 1968. Application granted. The two years' suspension of respondents is herewith changed so as to commence as of March 1, 1968. Beldock, P. J., Christ, Brennan, Benjamin and Martuscello, JJ., concur.

## (March 11, 1968)

■ In the Matter of BENEDICT COHEN, Also Known as R. BENEDICT COHEN, an Attorney.— The Bar Association of Nassau County, Inc., has received from the above-named attorney his written resignation as an attorney at law, executed by him on January 26, 1968, and has transmitted it to this court for appropriate action. The said attorney was admitted to the Bar by this court on October 23, 1946 and has maintained an office in Syosset, Long Island. The resignation was tendered as a result of charges which had been made against him. The charges, set forth in a written complaint executed on January 2, 1968 by the Chairman of the Grievance Committee of the Bar Association, were duly served upon the said attorney. In the charges he is accused of having converted the funds of four separate clients and thereafter having issued two checks which were dishonored because of insufficient funds. The amounts converted were $8,000, $4,150, $1,800 and $667.50, respectively. The bad checks were in the respective amounts of $4,150 and $667.50 and were issued purportedly to carry out the said attorney's obligations with respect to those two of the four clients' matters to which they correspond in amount. The resignation includes a statement that the said attorney does not contest the charges. We deem the statement and the resignation itself as a tacit admission of the truth of the charges. The resignation is accepted and directed to be filed; and it is ordered that the said attorney's name be struck from the roll of attorneys and counselors at law, effective as of the date of this decision. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.